IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WILLIAMS, | No. 4:19-CV-01436 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| J. WETZEL, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

AUGUST 26, 2021

*Pro se* Plaintiff Robert Williams, who was formerly incarcerated at the State Correctional Institution at Huntingdon in Huntingdon, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment deliberate indifference claim and a First Amendment retaliation claim. The Court dismissed the complaint without prejudice for failure to state a claim upon which relief could be granted. Plaintiff has since filed an amended complaint, and Defendants have filed motions to dismiss, which are ripe for disposition. For the reasons that follow, the Court will grant the motions and dismiss this case with prejudice.

I.  BACKGROUND

At all times relevant to this case, Plaintiff was a prisoner at SCI Huntingdon.[1] Plaintiff filed a complaint in this court on August 19, 2019, asserting

---

[1] *See* Doc. 1.

that Defendants—various individuals and entities connected to SCI Huntingdon—had been deliberately indifferent to a serious medical need in their treatment of a shoulder injury that Plaintiff suffered in 2018.[2]  Plaintiff also complained of alleged retaliation by Defendants.[3]

Defendants filed motions to dismiss Plaintiff's complaint on November 4, 2019 and November 12, 2019.[4]  The Court granted the motions on September 10, 2020, dismissing the complaint without prejudice and granting Plaintiff leave to file an amended complaint.[5]  Plaintiff timely filed an amended complaint on October 6, 2020, and the Court received the amended complaint on October 13, 2020.[6]

Plaintiff's amended complaint offers very little in the way of factual background.  According to the amended complaint, Defendants Pennsylvania Department of Corrections ("DOC") and "Huntingdon Medical Department" failed to consult with a medical specialist for "6-11 months."[7]  Defendants Shawn, Petz, Kauwnfe, and Gessel failed to "give the right diagnos[is]" and failed to recommend a specialist.[8]  The delay by DOC and Huntingdon Medical Department

---

[2]  *Id.*
[3]  *Id.*
[4]  Docs. 17, 20.
[5]  Docs. 37-38.
[6]  Doc. 39.
[7]  *Id.* at ¶ 2.
[8]  *Id.* at ¶ 2.

2

in referring Williams to a specialist exacerbated Williams's injuries.[9] Based on these facts, the amended complaint alleges in conclusory fashion that the Defendants' actions were "a gross deviation from accepted standards of medical care," and that they constituted deliberate indifference, negligence, recklessness, wantonness, and willful misconduct.[10] The amended complaint raises claims under the Eighth Amendment and the First Amendment, though no facts are pleaded that could support a First Amendment claim.[11]

Defendants filed motions to dismiss the amended complaint on October 27, 2020.[12] Briefing on the motions is complete, and they are ripe for the Court's disposition.[13]

## II.  LAW

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[14] and "streamlines litigation by dispensing with needless discovery and factfinding."[15] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of

---

[9]  *Id.* at ¶¶ 9, 18.
[10] *Id.* at ¶¶ 11-12.
[11] *Id.* at 4.
[12] Docs. 40-41.
[13] *See* Docs. 42-45.
[14] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (citing *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001)).
[15] *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

3

a dispositive issue of law."[16]  This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[17]

Following the Roberts Court's "civil procedure revival,"[18] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[19] and *Ashcroft v. Iqbal*[20] tightened the standard that district courts must apply to 12(b)(6) motions.[21]  These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[22]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24]  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted

---

[16] *Id.* at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).
[17] *Id.* at 327.
[18] Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).
[19] 550 U.S. 544 (2007).
[20] 556 U.S. 662, 678 (2009).
[21] *Iqbal*, 556 U.S. at 670.
[22] *Id.* at 678.
[23] *Id.* (quoting *Twombly*, 550 U.S. at 570).
[24] *Id.*

unlawfully."[25] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[26]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[27] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[28]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[29] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[30] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[31] As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

---

[25] *Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016).
[26] *Twombly*, 550 U.S. at 556.
[27] *Iqbal*, 556 U.S. at 679.
[28] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).
[29] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).
[30] *Iqbal*, 556 U.S. at 678.
[31] *Connelly*, 809 F.3d at 787.

5

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[32]

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[33]

## III.  ANALYSIS

Plaintiff has brought his First and Eight Amendment constitutional claims pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of

---

[32] *Id.*
[33] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

state law."³⁴ "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"³⁵

In order to establish an Eighth Amendment deliberate indifference claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."³⁶  "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."³⁷  This standard affords considerable latitude for medical professionals within a prison to diagnose and treat the medical problems of inmate patients.³⁸

Plaintiff's amended complaint fails to state a deliberate indifference claim upon which relief may be granted, as he has failed to cure the pleading defects that the Court previously identified in his original complaint.  Like the original complaint, there are simply no allegations in the amended complaint that Defendants intentionally refused to provide medical treatment, delayed treatment

---

34  *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).
35  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).
36  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
37  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
38  *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *Little v. Lycoming Cty.*, 912 F. Supp. 809, 815 (M.D. Pa. 1996).

based on a non-medical reason, or prevented Plaintiff from receiving medical treatment.  Although Plaintiff alleges that Defendants delayed treatment of his shoulder injury, he does not allege that this was for non-medical reasons or that the delay was improper in any way.  Additionally, the amended complaint is completely devoid of any facts to support Plaintiff's allegation that his treatment was delayed.  There are no allegations in the amended complaint of when Plaintiff was seen by Defendants, what they said to him, or how they delayed his treatment.  Accordingly, Plaintiff's deliberate indifference claim will be dismissed.

Plaintiff similarly fails to state a retaliation claim upon which relief may be granted.  In order to state a First Amendment retaliation claim, a plaintiff must prove that (1) his conduct was constitutionally protected, (2) he suffered an adverse action at the hands of prison officials, and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him.[39]  Plaintiff makes no such allegations here.  In fact, with the exception of plaintiff's statement in the conclusion section that he raises a First Amendment claim, there is no indication anywhere in the amended complaint that Plaintiff actually intends to raise a retaliation claim.  The retaliation claim will therefore be dismissed.

---

[39] *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016).

Finally, the Court will deny further leave to amend, as Plaintiff has had multiple opportunities to state a claim upon which relief may be granted and has repeatedly failed to do so.

## IV. CONCLUSION

For the foregoing reasons, Defendants motions to dismiss are granted and this case is dismissed with prejudice.

An appropriate Order follows.

                BY THE COURT:

                *s/ Matthew W. Brann*
                Matthew W. Brann
                Chief United States District Judge